### JACOB CANNON v. JOHN NEALLE.

Supreme Court. Sussex. October 11, 1799.

*Wilson's Red Book, 252.*

Plea: William Noble *non damnificatus est.*

At the trial, there having [been] no warrant issued to lay down pretensions, a juror was withdrawn, a warrant issued, and the cause referred. A report was afterwards returned in these words:

> In obedience to the rule of court, a copy of which is hereto annexed, we, the subscribers, after being qualified as the law directs, went upon and received the premises, and, after hearing the proofs and allegations on the part of the plaintiff, and also on the part of defendant, do report and say, that the defendant is indebted to the plaintiff the sum of fifty pounds, lawful money of the State of Delaware, to be released on payment of eight dollars, lawful money as aforesaid, and also to give possession of the lands purchased by William Noble of James Cannon, senior, and wife unto plaintiff or said William Noble, for which it appears this suit was brought, agreeably to the bounds and courses of a deed from said James Cannon and wife to the said William Noble, bearing date the 17 of February, 1789. We also find for the plaintiff sixpence costs besides the cost of suit, as witness our hands this 20 March, 1797.
>
> > *Signed*   John Collins
> > Thomas Laws
> > David Owens

Certificate of Thomas Laws that the other two referees were sworn, and then a certificate of another justice of Laws' qualifications.

Rule to show cause etc.

*Bayard.* It is a fatal objection that two of the referees were not duly sworn; a co-referee, although in commission, is an improper person to swear the other referees. In New Castle a probate taken before a justice of the peace, who was the administrator, was held illegal. The question for the referees was of damages, and they have awarded a yielding up of lands, which was not within the submission. The award is extremely uncertain and not final in saying "agreeably to the bounds and courses of a deed from Cannon and wife to William Noble" etc., which may be a matter of dispute; also the possession is to be given to Cannon or Noble. These objections would be fatal in a verdict,

and by [1] Dall. 314 awards are liable to the objections against verdicts.

*Wilson.* There is a striking difference between a magistrate's qualifying his co-referees and an administrator's producing a probate taken before himself: in the former case there could be no temptation to deceive, in the latter, the administrator takes upon himself the approbation of his own conduct, and thereby defeats the intention of the Act, which was the approbation of a disinterested officer.

This reference is, it is true, only a "reference of all matters in variance in this cause," yet the bond is made by defendant's plea a part of the record, and having been laid before the referees, they have in part decreed a specific performance of its condition and also given damages for the injury already done. Referees have necessarily powers not given to jurors, otherwise awards must be in the technical form of verdicts. When a matter is referred by rule of court, the court will compel a performance of the award as much as if the award were part of the rule, Tidd Pr. 297. And although a strictly formal judgment cannot be rendered on this award, yet the court will enforce it by attachment, for judgments are rarely entered on awards in actions in Westminster except where it is as a security, Salk. 84, 1 Cromp. 266, 267. And in [1] Dall. 365 we find a report confirmed when part of it was to be enforced by execution and part of it by attachment. There can arise no uncertainty from the disjunctive particle "or", for the giving possession to either of the persons is a compliance. It is for defendant's advantage and convenience. The referring to a deed neither makes the award uncertain nor not final. The awarding a bond to be given, 1 Com.Dig. 549, even such as counsel should advise, *ibid.*, or to make releases, or that certain erections shall be pulled down, *ibid.*, and 1 Bac.Abr. 143, or that *A* shall permit *B* to enjoy certain leases of land, and *B* pay the rents and perform the covenants, though not particularly specified in the award, 1 Bac.Abr. 142, have all been held good.

---

At October Term 1800. The Court examined Thomas Laws, one of the referees, for their own satisfaction.

PER CURIAM. After gaining all the information we can, we think the report uncertain in referring to a deed the lines of which appear to be disputed, and it must be set aside.